# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WESLEY L. PETTWAY, | : | |
| Plaintiff, | : | |
| vs. | : | CA 10-127-C |
| MICHAEL J. ASTRUE<br>Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION & ORDER

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 15 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); Doc. 16) Upon consideration of the administrative record ("R") (Doc. 10), Plaintiff's brief (Doc. 11), the Commissioner's brief (Doc. 13), and the arguments made by the parties at the September 9, 2010 hearing, it is determined that the Commissioner's decision denying Plaintiff

benefits should be affirmed.[1]

## RELEVANT FACTUAL BACKGROUND

On July 2, 2004, Plaintiff, who was born on December 10, 1946 (R. 25), filed an application for Title II benefits, alleging disability beginning on January 15, 1995 through June 30, 1996, the date last insured.[2] (R. 7, 10.) Plaintiff was initially denied disability on September 7, 2004, after which he filed a timely request for hearing. (*Id.* 20.) On May 24, 2007, he appeared and testified before an administrative law judge ("ALJ"). (*Id.*) The ALJ issued an unfavorable decision on June 14, 2007, which Plaintiff appealed to the Appeals Council, which, on October 31, 2008, remanded to allow for evaluation of additional evidence and examination of a revision to Plaintiff's residual functional capacity (RFC). (*Id.*) The ALJ held a second hearing on February 10, 2009, and issued a second unfavorable decision on March 19, 2009. (*Id.* 17-28.) And on January 29,

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 15 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."); Doc. 16.)

[2] Because Plaintiff filed an application seeking solely Title II disability benefits, the applicable date for determining Plaintiff's age is June 30, 1996, ***the date last insured***. *See Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) ("If a claimant becomes disabled after he has lost insured status, his claim must be denied despite his disability."); *Tanner v. Apfel*, No. CIV. A. 99-0957-AH-S, 2000 WL 726891, at *3 (S.D. Ala. May 18, 2000) ("It is undisputed that Plaintiff's insured status for the purposes of receiving disability insurance benefits expired on December 31, 1994. Therefore, Plaintiff's condition on or before December 31, 1994, is determinative of disability in this case."); *Smith v. Barnhart*, No. 00 C 2643, 2002 WL 126107, at *3 (N.D. Ill. Jan. 31, 2001) ("The first step for an ALJ is to determine whether a borderline situation exists. This is done by determining, based on the evidence, whether a claimant's age is within a few days or a few months of a higher age category ***at the time the disability insured status expires***.") (emphasis in original).

2010, the Appeals Council, which granted Plaintiff's request for review (*id.* 12-13), issued its decision finding Plaintiff not disabled (*id.* 7-11), which is the final decision of the Commissioner of Social Security before this Court. (*See* Doc. 11, p. 2.)

The Appeals Council made the following findings, relevant to this appeal:

> **4. The claimant's combination of impairments results in the following limitations on her [sic] ability to perform work-related activities: He can perform the full range of sedentary work as defined in 20 CFR 404.1567(a).**
>
> **6. The claimant is unable to perform any past relevant work.**
>
> **7. The claimant was 49 years old, which is defined as a younger individual age 18-49, on the date last insured, and has a high school equivalent education. The claimant's past relevant work is skilled, but he had not acquired skills that could be transferred to other occupations within his residual functional capacity.**
>
> **8. Based on the claimant's residual functional capacity, age, education, and work experience, 20 C.F.R. 404.1569 and Rule 201.21, Table No. 1 of 20 CFR Part 404, Subpart P, Appendix 2, direct finding the claimant not disabled (20 CFR 404.1520(f)).**

(R. 9-10.)

The sole issue before this Court (as framed by Plaintiff) is whether:

> The Appeals Council erred in mechanically applying the Medical-Vocational Guidelines Rule 201.21 to find the Plaintiff not disabled because the Appeals Council found that Plaintiff was capable of the full range of sedentary work, has a high school equivalent education, does not have transferable skills, and was within 6 months of his 50th birthday at the time of his date last insured.

(Doc. 11, p. 2.) Regarding this borderline age situation, the Appeals Council stated:

> **It is correct that the age categories are not to be applied mechanically**

**in a borderline age situation. However, the Regulations state that if an individual is within a few days to a few months of reaching an older age category, and using the next older age category would result in a decision that he or she is disabled, consideration will be given as to whether to use the older age category only after evaluating the overall impact of all the factors in the case (20 C.F.R. 404.1563(b)). The claimant, whose 50th birthday was December 10, 2006 [sic],[3] was nearly 6 months short of the older category when his insured status (and by extension the period at issue in this case) expired. This does not equate to the "few days to a few months" tolerance described in the Regulations. Moreover, after considering the overall impact of all factors in this case, the Appeals Council finds no additional vocational adversities that would have warranted using the next higher age category.**

(R. 8.)

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step, "the claimant bears the burden of demonstrating the inability to return

---

[3] Based on a logical review of the record, it appears that the Appeals Council meant

to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Appeals Council's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And finally, "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Social Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

As stated previously, Plaintiff contends that the Appeals Council erred when it used Plaintiff's chronological age (49 on his date last insured, but less than six months from his 50th birthday) instead of using the next older age category. (Doc. 11, pp. 2-5.) Plaintiff further contends (*id.*)—and the Commissioner concedes (Doc. 13, p. 7)—that

---

December 10, 1996.

5

had the Appeals Council used the next older age category, Plaintiff would have been found disabled. According to Plaintiff, the Appeals Council should have considered *Crook v. Barnhardt*, 244 F. Supp. 2d 1281 (N.D. Ala. 2003). (Doc. 11, pp. 3-4.) In that decision, the court found a claimant who was 54½ years of age at the time the ALJ decision was issued a person of "advanced age" under the Medical-Vocational Guidelines (the "grids"). *Id.* at 1284 (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)).

The Commissioner counters that although Plaintiff's case arguably involves a borderline age situation, Plaintiff failed to carry his burden "to show vocational adversities to support use of the higher age category." (Doc. 13, p. 6 ("Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age—even when the time period is only a few days." HALLEX II-5-3-2.).[4]) According to the Commissioner, "Plaintiff did not attempt to . . . show vocational adversities justifying the use of the higher age categories" (*id.*, p. 7), and "the record does not support an argument that Plaintiff has additional vocational adversities justifying the use of the higher age categories, rather than his chronological age." (*Id.*, p. 8.)

As the Appeals Council (R. 8) and the Commissioner's brief (Doc. 13, p. 5) recognize, Plaintiff's age—just over 49 years and six months—as of the date last insured

---

[4] "'The [HALLEX] is a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members.'" (Doc. 13, p. 6 n.3

presented a borderline age situation. Based on my review of the cases, the consensus among federal courts appears to be that six months from the older age category is the extent to which courts will recognize a borderline age situation. *See Pickard v. Comm'r of Social Sec.*, 224 F. Supp. 2d 1161, 1168 (W.D. Tenn. 2002) (while "[t]he Regulations do not define the term 'borderline situation[,' t]he courts have attempted to do so, generally concluding that the borderline range falls somewhere around six months from the older age category"); *Metaxotos v. Barnhart*, No. 04 Civ. 3006(RWS), 2005 WL 2899851, at *8 (S.D.N.Y. Nov. 3, 2005) ("The regulations and the HALLEX do not clearly define when a borderline situation exists[, but the] courts which have addressed this regulation have held that six months is within the rule."); Smith, 2002 WL 126107, at *3 (same); *Russell v. Comm'r of Social Sec.*, 20 F. Supp. 2d 1133, 1135 (W.D. Mich. 1998) (comparing Appeals Council Interpretation II-5-302 (effective Mar. 16, 1979), which the court admitted was "not a model of clarity," but "appears to establish that the Appeals Council believes there is a six-month window in which a claimant's situation is 'borderline,'" to Interpretation II-5-302(A) (effective Nov. 2, 1993), which advised agency adjudicators to determine "whether the claimant's age is within a few days or a few months of a higher age category" as step one to determining whether a borderline situation exists). *Compare Cox v. Apfel*, No. 98-7039, 1998 WL 864118, at *4 (10th Cir. Dec. 14, 1998) (***within six months*** borderline); *Daniels v. Apfel*, 154 F.3d 1129, 1132-33 (10th Cir. 1998) (***65 days*** borderline); *Kane v. Heckler*, 776 F.2d 1130, 1132-33 (3d Cir.

---

(quoting *Howard v. Astrue*, 505 F. Supp. 2d 1298, 1300 (S.D. Ala. 2007) (citation omitted)).)

7

1985) (***48 days*** borderline); *Freundt v. Massanari*, No. 00 C 4456, 2001 WL 1356146, at *17-*20 (N.D. Ill. Nov. 2, 2001) (***six months and 12 days*** borderline); *Graham v. Massanari*, No. 00 C 4669, 2001 WL 527326, at *8 (N.D.Ill. May 9, 2001) (***four and one-half months*** borderline); *France v. Apfel*, 87 F. Supp. 2d 484, 491-92 (D. Md. 2000) (***five months*** borderline); *Russell*, 20 F. Supp. 2d at 1134-36 (***92 days*** borderline); *Leyba v. Chater*, 983 F. Supp. 1048, 1051 (D.N.M. 1996) (***three and one-half months*** borderline); *Davis v. Shalala*, 883 F. Supp. 828, 838-39 (E.D.N.Y. 1995) (***three months*** borderline); *Hill v. Sullivan*, 769 F. Supp. 467, 470-71 (W.D.N.Y. 1991) (***three months two days*** borderline); *Chester v. Heckler*, 610 F. Supp. 533, 535 (S.D. Fla. 1985) (***one month*** borderline); *Roush v. Heckler*, 632 F. Supp. 710, 711-12 (S.D. Ohio 1984) (***six months*** borderline); *Bennett v. Sullivan*, Civ. A. No. 89-1907, 1990 WL 122912, at *5 (E.D. Pa. Aug. 21, 1990) (***ten months*** borderline); *Williams v. Bowen*, Civ. A. No. 86-3763, 1987 WL 9148, at *2 (E.D. Pa. Apr. 6, 1987) (***seven months*** borderline); *Howard v. Bowen*, 638 F. Supp. 68, 72 n.4 (D.D.C. 1986) (***eight months*** borderline); *Tousignant v. Apfel*, No. 97 C 4150, 1998 WL 142415, at *5 (N.D. Ill. Mar. 26, 1998) (***10 months*** borderline)[5] *with Lambert v. Chater*, 96 F.3d 469, 470 (10th Cir. 1996) (***seven***

---

[5] At least one court has criticized reliance on *Bennett*, *Williams*, *Howard*, and *Tousignant*, which appear to extend the borderline situation outside of the six-month window. *See Swan v. Barnhart*, No. 03-130-B-W, 2004 WL 1529270, at *9 n.13 (D. Me. Apr. 30, 2004):

> Neither *Tousignant* nor *Williams* is persuasive authority inasmuch as neither considers the body of caselaw wrestling with the issue of the definition of "borderline" age. *See Tousignant*, 55 Soc. Sec. Rep. Serv. at 613-14; *Williams*, 1987 WL 9148, at *2. *Bennett* is not persuasive authority inasmuch as the two cases on which it relies for the proposition that a person within one year of the

8

*months* not borderline); *Fleenor v. Sec'y of Health & Human Servs.*, No. 92-5082, 1992 WL 379438, at *2-*3 (6th Cir. Dec. 15, 1992) (***just shy of five months*** not borderline); *Wright v. Sullivan*, No. 91-5992, 1992 WL 75218, at *6 (6th Cir. Apr. 15, 1992) (***almost two years*** not borderline); *Barrett v. Apfel*, 40 F. Supp. 2d 31, 39-40 (D. Mass. 1999) (***nine months*** not borderline); *Green v. Chater*, No. C-96-2299 MHP, 1997 WL 797807, at *3 (N.D. Cal. Dec. 2, 1997) (***three years*** not borderline); *Woods v. Chater*, No. C 95-1748 SI, 1996 WL 570490, *4-*5 (N.D. Cal. Sept. 27, 1996) (***four months*** not borderline); *Peters v. Bowen*, No. CIV.A. 85-4431, 1986 WL 11398, at *5 (E.D. La. Oct. 3, 1986) (***two years*** not borderline).

Contrary to Plaintiff's claim on appeal (Doc. 11, pp. 3-5), it appears to the undersigned that the Appeals Council did not mechanically apply Plaintiff's chronological age, but instead recognized that this case presented a borderline situation, and then chose not use the next higher age category. (R. 8 (recognizing "that the claimant was within six months of the attainment of age 50 on his date last insured," questioning whether six months is within the "tolerance described in the Regulations"—presumably Interpretation II-5-302(A), and then concluding, "after considering the overall impact of all the factors in this case, the Appeals Council finds no

---

next age category falls within the borderline do not support that assertion. *See Bennett*, 1990 WL 122912, at *5; *Ford v. Heckler*, 572 F. Supp. 992, 994 (E.D.N.C. 1983); *Hilliard v. Schweiker*, 563 F. Supp. 99, 101 (D. Mont. 1983). Nor does *Howard* [a claim for SSI case] help the plaintiff inasmuch as the *Howard* court focused on the claimant's age at the time of her application—not at the time of decision. *See Howard*, 638 F. Supp. at 72 n.4.

additional vocational adversities that would have warranted using the next higher age category").)  See *Hayes v. Astrue*, No. 3:07-CV-137(CDL), 2009 WL 481473, at *2-*3 (M.D. Ga. Feb. 23, 2009) (noting that "[t]he regulations state that in borderline situations the Commissioner 'will consider whether to use the older age category after evaluating the overall impact of all the factors in [the claimant's] case'" (quoting 20 C.F.R. § 404.1563(b), and rejecting as "without merit," Plaintiff's apparent argument that the ALJ should have placed her in the older person category and then mechanically appl[ied] the grids to find that she [was] disabled"); *Crady v. Sec'y of Health and Human Servs.*, 835 F.2d 617, 622 (6th Cir. 1987) (noting that "[t]he fact that age categories are not to be applied mechanically, however, obviously does not mean that a claimant must move mechanically to the next age category whenever his chronological age is close to that category").

While the Appeals Council could have been clearer, here, it appears that the Appeals Council's express findings went further than the findings of two ALJ's, whose opinions are the subjects of two recent Courts of Appeals decisions.  In both *Bowie v. Commissioner of Social Security*, 539 F.3d 395 (6th Cir. 2008), and *Lockwood v. Commissioner of Social Security*, --- F.3d ----, 2010 WL 3211697 (9th Cir. Aug. 16, 2010), the Courts of Appeals held that the ALJs did *not* commit error by failing to even discuss clear borderline age situation in their opinions.  595 F.3d at 399 ("While an ALJ may need to provide, in cases where the record indicates that use of a higher age category is appropriate, some indication that he considered borderline age categorization in order

10

to satisfy a reviewing court that his decision is supported by substantial evidence, § 1563(b) does not impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case."); 2010 WL 3211697, at *1 ("Although an ALJ is required by regulation to consider whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category. *See* 20 C.F.R. § 404.1563(b). On the facts of this case, the ALJ did not err when she did not address in her written decision the fact that Lockwood was just over one month from being a person of advanced age.").

In *Bowie*, "other than concluding that Bowie is a 'younger individual' and citing 20 C.F.R. § 404.1563, the ALJ did not discuss Bowie's age categorization in his opinion," nor did he "explicitly address the possibility that Bowie, less than two months shy of her 50th birthday, presented a 'borderline' situation, and he did not discuss the possibility of moving Bowie to the 'closely approaching advanced age' category"). 595 F.3d at 397. And in *Lockwood*, the ALJ "satisfied the requirement that she ***consider*** whether to use the older age category" by "mention[ing] in her decision Lockwood's date of birth," finding "that Lockwood was 54 years old," and citing "to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation." 2010 WL 3211697, at *3 (emphasis in original). In this case, the Appeals Council went further, by (1) explicitly recognizing the existence of a borderline age situation; (2) both explicitly recognizing that in borderline age situations, the age categories are not be applied mechanically, and citing 20 C.F.R. § 404.1563, which prohibits mechanical application of

11

the age categories in borderline age situations; and (3) although questioning whether Plaintiff's situation was truly borderline, nevertheless explicitly holding, "after considering the overall impact of all factors in this case, [we find] no additional vocational adversities that would have warranted using the next higher age category."

Moreover, the situation here is different than the situation addressed by the Tenth Circuit in *Daniels v. Apfel*, 154 F.3d 1129 (10th Cir. 1998). There, the Court of Appeals rejected the Commissioner's argument that a claimant, in a borderline age situation, has "the burden of showing he should be classified in the higher age bracket," *id.* at 1133, stating:

> Nothing in § 404.1563(a) supports this position. The regulation provides that once it is determined that a claimant is in a borderline situation, which, as noted earlier, the Commissioner has defined solely in terms of age relative to the next category, "*We*"—meaning the Social Security Administration—"*will not apply these age categories mechanically*." The Commissioner's argument rewrites the regulation to say essentially that "in borderline situations, we will allow you—the claimant—to prove why the grids should not be applied mechanically." The plain language of the regulation does not allow this interpretation.

*Id.* at 1134 (emphasis in original). Here, by contrast, the Appeals Council provided this Court "some record of their thought process regarding the requirements of § 404.1563(b)." *Bowie*, 539 F.3d at 403 (Moore, J., dissenting) (citing *Daniels* with approval); *see also Russell*, 20 F. Supp. 2d at 1135-36 ("when a borderline situation is presented a factual determination must be made as to the appropriate age category . . . [and that] the ALJ's failure to explain his choice of age category in a borderline situation . . . impedes judicial review"); *Pickard*, 224 F. Supp. 2d at 1169 (adopting *Daniels* and

recommending that the case be remanded because "[t]he ALJ's failure to address the borderline issue and to explain his choice of age category . . . impede this court's ability to review his application of § 404.1563(a)"). As stated previously, the Appeals Council recognized that a borderline age situation existed, "considered the overall impact of all factors in the case," and then found "no additional vocational adversities that would have warranted using the next higher age category" (R. 8.)—*as opposed to finding that claimant failed to meet his burden to show vocational adversities justifying the use of the higher age category*. *See Bowie*, 539 F.3d at 401 (Court of Appeals affirming Magistrate Judge's explanation that "there [was] simply no evidence in the record that Bowie suffered from any 'additional vocational adversities' that might justify placing her in the higher age category").

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** this the 27th day of September, 2010.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**